UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

KEVIN DENNARD HUBERT                                    MOVANT/DEFENDANT

v.                                    CIVIL ACTION NO.  5:06CV-000P10-R
                                      CRIMINAL ACTION NO. 5:99CR-00018-R

UNITED STATES OF AMERICA                                RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION & ORDER**

Movant, Kevin Dennard Hubert, filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.  Movant claims that his sentence resulted from the ineffective assistance of counsel and also from an unconstitutional application of the sentencing guidelines in violation of the recent United States Supreme Court decision of *United States v. Booker*, 543 U.S. 220 (2005).  His motion is currently before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Section 2255 provides for a one-year limitations period, which shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* § 2255 ¶6.

Movant's judgment of conviction was entered on September 17, 2001. Movant did not pursue an appeal. "[A]n unappealed district court judgment of conviction becomes 'final' ten days after the entry of judgment. . . ." *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Thus, the one-year period began running on October 1, 2001. However, Movant did not file the instant § 2255 motion until January of 2006. Nevertheless, Movant argues that his motion is timely under subsections (2) & (3) of § 2255 ¶6.

As for subsection (2), although not entirely clear, it appears that the complexity of the law is the "impediment" created by the government that Movant claims prevented him from filing a timely § 2255 motion. Movant states: "it takes an attorney approximately eight years to become qualified to understand the complex skills of criminal procedures, and thus, Petitioner has brung these claims in considerable less time after learning what rights were violated." However, the Sixth Circuit holds that ignorance of the law does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) (concluding that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues ..., there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer."). Thus, Movant cannot rely on the complexity of the law to satisfy subsection (2) of § 2255 ¶6.

Next, Movant argues that because he filed his petition within a year of *Booker* his petition is timely under subsection (3). However, the Supreme Court has not made *Booker* retroactively applicable to cases on collateral review. *Booker,* 543 U.S. at 268 ("[W]e must apply today's holdings . . . to all cases on direct review."). And, the Sixth Circuit Court of

Appeals has specifically concluded that "*Booker's* rule does **not** apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005) (emphasis added). As "*Booker* . . . does not apply retroactively to cases already final on direct review," *id.* at 857, subsection (3) does not apply in this instance.

Movant has not satisfied subsections (2) -(4) of § 2255 ¶6.  Accordingly, the one-year period of limitations began to run on the date on which Movant's judgment of conviction became final, October 1, 2001.  As such, his § 2255 motion filed several years later is time barred.

Before dismissing the action on this ground, however, the Court will provide Movant with an opportunity to respond.  *Day v. McDonough,*--- S.Ct. ---, 2006 WL 1071410 (U.S. Apr. 25, 2006) ("[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions.").

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum Opinion and Order, Movant must show cause why his § 2255 motion to vacate, set aside or correct sentence should not be dismissed as barred by the applicable one-year statute of limitations.  Failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

cc:      Movant, *pro se*
         4413.008